UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC as owner of the M/V FATHER PAT FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CASE NO.: _____<br><br>ADMIRALTY RULE 9(h) |

___

**COMPLAINT FOR EXONERATION FROM, OR ALTERNATIVELY, LIMITATION OF LIABILITY AND DECLARATORY JUDGMENT**
___

The Complaint of Marquette Transportation Company Gulf-Inland, LLC (hereinafter "Marquette" or "Limitation Plaintiff"), as owner of the M/V FATHER PAT, USCG Official No. 1237423, in a cause of exoneration from and/or Limitation of Liability, civil and maritime, alleges on information and belief as follows:

**COUNT ONE:  EXONERATION OR LIMITATION OF LIABILITY**

1.

This is an admiralty law claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for certain admiralty and maritime claims (Rule F).  Jurisdiction exists pursuant to admiralty and maritime jurisdiction of the United States Courts, 28 U.S.C. § 1333, and the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 181 *et seq.*, as amended by 46 U.S.C. §§ 30501 *et seq.*

2.

Marquette is a Limited Liability Company who operates on the Intracoastal Waterway and in the jurisdiction of this Court, and in particular seeks exoneration and/or limitation of

liability for an incident involving the M/V FATHER PAT on or about July 7, 2017 when deckhand Doniven H. Merritt allegedly injured his right knee while attempting to dislodge a grapple hook that was stuck in the trees while the vessel was in the Victoria Barge Canal near Victoria, Texas.

3.

At all times material to this action, the FATHER PAT was properly manned with a properly trained crew during the transit on the Victoria Barge Canal on or about July 7, 2017.

4.

At all times material, Marquette neither contributed nor caused any injuries to Doniven Merritt, nor other employees, whether on the FATHER PAT, any barge in the tow of the FATHER PAT, or any other barge in the tow of the FATHER PAT.

5.

Prior to the voyage and any alleged incident on or about July 7, 2017, and at all times hereinafter described, Marquette exercised due diligence to place and maintain the FATHER PAT in a seaworthy condition in all respects. Further, at all times hereinafter described, the FATHER PAT was in fact tight, staunch, strong, fully and properly equipped, and in all other respects seaworthy, fit and proper for the service in which the vessel was engaged at the time of any alleged injury to any worker and/or crew member.

6.

On or about August 5, 2019, Doniven H. Merritt filed a Petition in the District Court of Harris County, Texas, 333rd Judicial District, with service on Marquette's agent for service of process on August 22, 2019. A copy of the Petition is attached as Exhibit "A."

7.

As the owner of the FATHER PAT, Marquette denies that it caused and/or contributed to any alleged injuries at any time, and in particular, on or about July 7, 2017.

8.

According to the attached Affidavit of No Pending Freight by Todd G. Crawford, there was no pending freight because the accident occurred at the point of origin of the voyage. The affidavit is attached as Exhibit "A."

9.

Marquette will show that any alleged injuries to Doniven Merritt or others referred to herein were not caused or contributed to in any way by any fault or negligence of or within its privity or knowledge as the owner of the FATHER PAT, nor by anyone for whom it is responsible, nor was it caused or contributed to by an unseaworthy condition by the FATHER PAT, or any unseaworthy condition within its privity or knowledge as the owner.

10.

Marquette claims the benefit of Exoneration from and/or, in the alternative, Limitation of Liability as provided by certain laws of the United States, namely 46 U.S.C. § 181, *et seq.*, as amended by 46 U.S.C. §§ 30501, *et seq*.

11.

The total damages to Doniven Merritt and other potential claimants may exceed the value of the M/V FATHER PAT; that value presently is estimated at $3.5 million. The value of the vessel is set forth in the Affidavit of Value by Todd G. Crawford, attached as Exhibit "B," which is based on his discussions with Marquette and the Agreed Hull Value for the M/V FATHER

PAT in the applicable hull policy.  The total limitation value with no pending freight totals $3.5 million.

12.

There are no other demands, unsatisfied liens or claims of lien against the FATHER PAT or Marquette arising out of the aforesaid voyage, or any suit pending, so far as known other than as set forth above.

13.

This Complaint is filed prior to the expiration of six months from the date Marquette received written notice of any claim by any claimant that damages exceed the value of the vessel following the aforesaid voyage and alleged incident.

14.

Marquette agrees to provide as security for the benefit of all potential claimants, a stipulation for value in the amount of $3.5 million, plus interest at 6% per annum from the date of said stipulation, said sum representing the total value of the FATHER PAT, her appurtenances and no pending freight.

15.

Marquette claims exoneration from liability for any and all injuries, losses or damage occurring as a result of any aforesaid incident and injuries to Doniven Merritt or other potential claimants, and any other claims yet to be asserted, and for any and all claims related to such alleged incident.  Marquette also alleges that it has valid defenses thereto on the facts and on the law.

16.

Alternatively, Marquette, without admitting but rather affirmatively denying all liability,

claims the benefit of exoneration provided for vessel owners in 46 U.S.C. § 183 to 186, 188 and the various supplements thereto and amendatory thereof, including 46 U.S.C. §§ 30501, *et seq.*

17.

Should it later appear that Marquette is or may be liable and that the amount of value of its interest in the vessel, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share pro rata in the aforesaid sum represented by the stipulation, saving to all such claimants any rights of priority that they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Admiralty Rules, and under the general maritime law and by the rules and practices of this Honorable Court.

## **COUNT TWO: DECLARATORY JUDGMENT**

18.

In addition to relief under 46 U.S.C. § 30501, *et seq.*, Marquette seeks Declaratory Judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 with respect to the validity and enforceability of a Venue Selection Agreement executed by Doniven H. Merritt.

19.

The Defendant in this Declaratory Judgment Action is Doniven Merritt, a resident of Alvin, Texas.

20.

On or about May 3, 2017, Doniven Merritt knowingly and voluntarily signed a Venue Selection Agreement requiring that all covered disputes against Marquette must be filed in either

state or federal court in Paducah, Kentucky. Specifically, the Venue Selection Agreement provides:

> . . . should an employee suffer a work-related personal injury and Marquette either determines or is found to have the legal duty to make such payments, all parties agree that any legal action seeking relief for a covered dispute must be filed in either (1) the United States District Court for the Western District of Kentucky, or (2) the McCracken County Circuit Court in Paducah, Kentucky.

Additionally, the Venue Selection Agreement further provides the following with respect to "Covered Disputes:"

> This Venue Selection Agreement (this "Agreement") will cover all matters directly or indirectly related to your recruitment/potential employment, employment, or possible termination of employment, including, but not limited to, claims involving laws against discrimination whether brought under federal and/or state law, and/or <u>personal injury claims/Jones Act claims or tort claims of any type, against Marquette</u> or any of its current/former employees, supervisors, officers or directors. (underlining added).

21.

In addition to the Venue Selection Agreement dated May 3, 2017, Merritt also executed a Supplemental Benefits Agreement dated July 27, 2018. The Supplemental Benefits Agreement also contains a venue selection provision, which reads as follows:

> In consideration for Marquette Transportation Company, LLC, Marquette Transportation Company Gulf-Inland, LLC, or Marquette Transportation Company Offshore, LLC (hereinafter "Marquette") offering payment of $<u>40.00</u> per day as an advance against any settlement or judgment I may hereinafter receive as a result of the Incident, I hereby agree that any legal action seeking relief for a covered dispute must be filed in either (1) the United States District Court for the Western District of Kentucky, or (2) the McCracken County Circuit Court in Paducah, Kentucky, and I will make no effort to have such legal action transferred or moved to any other court.

> This supplemental benefits agreement (this "Agreement") covers any and all matters directly or indirectly related to my employment for Marquette or the Incident, including without limitation personal injury claims/Jones Act claims or tort claims of any type, against Marquette or any of its current/former employees, supervisors, officers, directors, vessels or customers.

6

22.

Marquette requests this Court make a determination that the Venue Selection Agreement was voluntarily and knowingly executed by Doniven Merritt, that it is valid and enforceable, and that any action arising from Merritt's injuries should be filed in McCracken County Circuit Court in Paducah, Kentucky, or in the United States District Court for the Western District of Kentucky, as mandated in the Venue Selection Agreement.

23.

Marquette brings this Limitation of Liability Complaint in the current district pursuant to Rule F of the Supplemental Rules because a Limitation Action must be brought in any district in which the owner has been sued with respect to any such claim. Here, Merritt has filed suit against Marquette in the 333rd Judicial District for Harris County, Texas. Accordingly, Marquette has initiated suit in this district because it was sued in state court in this district. Nevertheless, pursuant to the Venue Selection Agreement, Marquette seeks an Order from this Court transferring the instant action to the Western District of Kentucky, as required by the terms of the Venue Selection Agreement between the parties and pursuant to 28 U.S.C. § 1404(a) and Rule F.

24.

All and singular, the premises are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Marquette Transportation Company Gulf-Inland, LLC, as a Limitation Plaintiff, prays that:

1. This Court issue an Order approving the Stipulation of Value deposited with the Court by Limitation Plaintiff as security for the amount of value of its interest in the vessel;

2. This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for Limitation Plaintiff a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to Limitation of Liability, such person shall file and serve on the attorneys for Limitation Plaintiff an Answer to this Complaint on or before said date, unless his or her claim has included an Answer, so designated;

3. This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced, and further enjoin the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever, in any jurisdiction against Limitation Plaintiff and its insurers and/or against the vessel, her operators and crew, or against any employee or property of Limitation Plaintiff except in this action, to recover damages for or in respect to any loss, damage, or injury occasioned as a result of the aforesaid incident;

5. This Court adjudge that Limitation Plaintiff and its employees, agents, representatives and Underwriters are not liable to any extent for any injuries, losses, or damages occurring as a result of the incident in question, or for any claim whatsoever in any way arising from or in consequence of the aforesaid incident; or, alternatively if Limitation Plaintiff and its employees, agents, representatives and Underwriters or Insurers shall be adjudged liable, that such liability be limited to the amount or value of Limitation Plaintiff's interest in the vessel, as aforesaid, at the end of the voyage in which it was engaged at the time of said incident with

resulting injuries, losses, or damages and that Limitation Plaintiff and its employees, agents, representatives and Underwriters, insurers be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided pro rata according the herein above mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order herein above prayed for, saving to all parties any priorities to which they may legally be entitled, and that a decree may be entered, discharging both Limitation Plaintiff and its employees, agents, representatives and Underwriters, insurers from all further liability;

6. Limitation Plaintiff may have such other, further or different relief as may be just in the circumstances;

7. Additionally, Marquette seeks Declaratory Judgment finding the Venue Selection Agreement was voluntarily and knowingly entered into by Doniven H. Merritt, that it is valid and enforceable and asks this Court to transfer this matter to the Western District of Kentucky, as expressly provided in the parties' Venue Selection Agreement.

Respectfully submitted, this 23rd day of September, 2019.

> BY: MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC
>
> */s/ Todd G. Crawford*
> Todd G. Crawford (TX Bar #05041050)
> LUGENBUHL, WHEATON, PECK,
> RANKIN & HUBBARD
> 801 Travis Street, Suite 1800
> Houston, TX 77002
> Telephone: 713.222.1990
> Facsimile: 713.222.1996
> Email: tcrawford@lawla.com
> *Attorneys for Marquette Transportation Company Gulf-Inland, LLC*

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC as owner of the M/V FATHER PAT FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CASE NO.: _____<br><br>ADMIRALTY RULE 9(h) |

## VERIFICATION

STATE OF MISSISSIPPI

COUNTY OF HARRISON

BEFORE ME, the undersigned Notary, came and appeared:

TODD G. CRAWFORD

who, after being duly sworn, did depose and state:

1. That he is a Partner with the law firm of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, and is the attorney for Marquette Transportation Company Gulf-Inland, LLC, Limitation Plaintiff in the above captioned and numbered proceeding;

2. That he has read the above and foregoing Complaint, that all of the allegations of fact contained therein are true and correct to the best of his information, knowledge and belief, and that the source of his knowledge and the grounds for his belief being information obtained from his clients and investigation by him and his representatives;

3. That Marquette is a Limited Liability Company, with no officers or directors within this District; and

4.  That he is specifically authorized by Limitation Plaintiff to make this Verification on its behalf.

_____
TODD G. CRAWFORD

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 23 DAY
OF SEPTEMBER, 2019.

_____
NOTARY PUBLIC

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC, ID #91181, AMANDA YORAN, Commission Expires June 14, 2023, Harrison County]